

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY JACKSON,
    Plaintiff,

v.

                      8:17-cv-1673-T-36

SECRETARY OF THE DEPARTMENT
OF VETERANS AFFAIRS
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff herein complains against the Department of Veterans Affairs and demands a jury trial to vindicate the violations of his civil rights.

### STATEMENT OF THE CLAIM

The Plaintiff has been subjected to discrimination because of his race, his gender, his physical ability and the fact that he has participated in protected activity. The Plaintiff was repeatedly and unfairly evaluated based upon his gender and race. He also was subjected to a hostile work environment based upon his gender, to whit the responsible management official, Winston Johnson, repeatedly sent the Plaintiff sexually explicit emails that he did not send to similarly situated female employees. The Plaintiff was also denied a reasonable accommodation related to a back injury. Lastly, the Plaintiff was subjected to reprisal when he was non-selected for a position that he was imminently qualified to perform.

### PARTIES

1. Plaintiff, Troy Jackson lives in Pinellas County, Florida. At all relevant times, he was employed by the Defendant in either their Bay Pines, Florida Office of Resolution Management office.

2. The Defendant is a U.S. Governmental agency that conducts its business in and around

Pinellas and Hillsborough Counties Florida.

## JURISDICTION

3. The Court's jurisdiction in this matter is predicated upon 28 U.S. 1331 and upon Title VII of the Civil Rights Act of 1964.

4. Prior to commencing the instant action the Plaintiff exhausted the requisite administrative remedies. Specifically, he timely contacted the Office of Resolution Management within forty-five days of being discriminated against or retaliated against.

5. Despite the Plaintiff's complete cooperation with ORM, the EEOC and the Agency failed to complete its investigation within the requisite 180 days. The EEOC office of Federal Operations issued a final decision in which it informed the Plaintiff of his right to commence a lawsuit in Federal Court

## FACTUAL ALLEGATIONS

6. The Plaintiff was non-selected for a GS-8 Administrative Assistant Lead position, vacancy announcement # ORM-DSP-12-VO726044.

7. Beginning in 2010 and continuing until 2013, the Plaintiff made repeated requests for a reasonable accommodation. Specifically, the Plaintiff requested that the Defendant provide a reasonable accommodation related to his well-documented and well known back and foot issues. The Defendant took an unreasonable amount of time processing his request for a particular type of desk that allowed him to perform his work duties while he stood to alleviate the regular pain that he had in his back.

8. Beginning on June on July 23, 2007 and continuing until January of 2013 the Plaintiff was subjected to a series of actions that he regarded to be harassment based upon his gender.

2

9. On July 23, 2007, manager Winston Johnson sent the Plaintiff a sexually inappropriate email.

10. In December of 2007 the Plaintiff received a Fully Successful performance appraisal. As a result, he did not receive a performance award. Three of his peers, each females, received a performance award.

11. On August 13, 2008 manager Winston Johnson sent the Plaintiff another sexually explicit email. The email depicted two animals having sexual intercourse.

12. In October of 2008 the Plaintiff was non-selected for an EEO Counselor position, vacancy announcement # 214637.

13. In October of 2008 the Plaintiff also received a Fully Successful performance appraisal. Again, his similarly situated peers received performance awards, but the Plaintiff did not receive a performance award.

14. In December of 2008 manager Winston Johnson told the Plaintiff that the only reason that he was hired is that female employee, Kelly Bosner and Linnell Baker thought he was handsome.

15. In January of 2009 the Plaintiff was again non-selected for an EEO Specialist (Generalist) GS-7 positon, vacancy # 2333190. The Plaintiff was highly qualified for the position.

16. On or about July 2009 Plaintiff was cautioned by then ORM employee to watch his back because manager Winston Johnson and Roger Evans was out to get him any way that they could.

17. In July of 2009 the Plaintiff was again non-selected for an EEO Specialist position, GS-9, vacancy announcement # VZ 09-TDC269371. The Plaintiff was highly qualified for this

3

position because his years of experience and the time that he had in the grade. In the same month, he was also non-selected for another EEO Specialist position, vacancy # 268637.

18. On October 5, 2009 manager Roger Evans approached the Plaintiff to apologize about him being singled out for doing things that other employees were doing, but they were not admonished by management as he was.

19. In October of 2009 the Plaintiff received another Fully Successful performance appraisal. Other similarly situated female Administrative Assistants received performance awards. However, the Plaintiff did not receive a performance award although he performed the same quality and amount of work.

20. On December 11, 2009 manager Winston Johnson angrily commented to the Plaintiff, with respect to his having to attend regular medical appointments related to his disability, that he needed office administrative employees who can be present on a daily basis.

21. On December 11, 2009 manager Winston Johnson threatened to place the Plaintiff on sick leave certification and possibly to make him undergo fitness for duty assessment, related to his disability.

22. On June 28, 2010, Winston Johnson and Diana Ford were sitting in the Plaintiff's office when he arrived. They clapped their hands derisively and stated that they knew he could make it to work on time. Management did not do this to other employees who were late as well.

23. In June 2010, the Plaintiff was non-selected for an EEO Specialist (Counselor) GS-9, vacancy # 354709, the Plaintiff was highly qualified for the position. He had years of relevant experience and he had time in grade.

24. In September of 2010 the Defendant had a EEO Specialist vacancy. However, the Defendant failed to properly post the position in the normal manner. Instead, it posted the position for less than 24 hours, so as to preclude the Plaintiff from applying for the position. The Plaintiff was very qualified for the positon and the Defendant had cause to know that he was interested in being promoted.

25. In October of 2010 the Plaintiff once again received a Fully Successful performance appraisal. Resultantly, he did not receive a performance award. His female, co-workers did receive a performance award. They all did the same quality and same level of work.

26. On June 10, 2011, the Plaintiff was issued a written counseling regarding performance and behavioral expectations.

27. In August 2012, the Plaintiff was non-selected for an Administrative Assistant position, vacancy # vo726044. As with the other position that he was non-selected for, the Plaintiff was highly qualified for the position.

28. On November 13, 2012, the Plaintiff received a Fully Successful performance evaluation. However, his similarly situated peers, received higher annual performance evaluations for performing the same amount of work that he did.

29. On November 13, 2012, the Plaintiff received a Fully Successful performance appraisal. Resultantly, he was denied a performance award. However, his female co-workers received a performance award for performing the same quality of work.

30. On January 16, 2013, the Plaintiff was again non-selected for a GS-8, position, vacancy # VO726044.

## COUNT I DISPARATE TREATMENT BASED UPON RACE GENDER REPRISAL AND DISABILITY

31. The Plaintiff incorporates by references as though fully stated herein the allegations contained in paragraphs 1-30.

32. The Plaintiff is in a protected class, he is male and he has a disability.

33. He was qualified to perform the position of an Administrative Assistant as well as the other seven positions that he applied for from 2007 to January 2013.

34. The Plaintiff suffered adverse actions. He was scrutinized and micromanaged at a level that other similarly situated employees were not.

35. More importantly, the Plaintiff was repeatedly given an unfairly and inaccurately low annual performance evaluations. Each time that he was unfairly rated it resulted in him being denied additional money related to a performance award.

36. On November 13, 2012, the Plaintiff received a Fully Successful performance appraisal which resulted in him not receiving additional money that would have been related to a performance award.

37. Other Administrative Assistants, that are females: Kelly Bosner, Denise Lefridge and Tatiana Hicks, who are not disabled or regarded as disabled or who has not previously participated in protected activity were rated higher for doing the same volume and quality of work that the Plaintiff performed.

## COUNT II FAILURE TO PROVIDE A REASONBLE ACCOMMODATIONS
### (Unreasonable Delay)

38. Plaintiff incorporates by references as though fully stated herein the allegations that are contained in paragraphs 1-30.

39. The Plaintiff is a qualified individual with a disability. He has a well-documented history of back problems and foot problems that require him to seek regular medical attention. The Defendant was well aware of the Plaintiff's medical conditions.

40. The Plaintiff requested that the Defendant provide him with a desk that would have allowed him to stand as he typed on his desk computer. The cost of providing said desk was quite reasonable and the Defendant could have very easily provided the Plaintiff the requested accommodation.

41. From 2010 to 2013 the Plaintiff submitted no less than four request for a reasonable accommodation.

42. The Plaintiff made his first request for a reasonable accommodation on March 31, 2010. He attached a copy of a physician note at the time the request was made directly to manager Winston Johnson.

43. During the investigation related to the Plaintiff's EEO complaint, Winston Johnson acknowledge that the Plaintiff had in fact made such a request on March 31, 2010.

44. The Plaintiff made his second request for a reasonable accommodation on June 3, 2010. The second request was made via email to Winston Johnson and to Charlene Jones. Throughout the entirety of 2010 the Defendant did not provide the requested reasonable accommodation.

45. On March 30, 2011, the Plaintiff made a third request for a reasonable accommodation. Once again, he requested an ergonomic workstation, but once again the Defendant failed to provide the Defendant with the requested accommodation.

46. On May 8, 2013, the Plaintiff made a fourth request for a reasonable accommodation. Inexplicably, it took the Defendant five months to finally provide the requested

accommodation. Once the ergonomic desk was provided it sat in a box for an additional thirty days because the Defendant did not think it was important enough to have someone assemble the desk.

## COUNT III HOSTILE WORK ENVIRONMENT BASED UPON GENDER

47. The Plaintiff incorporates by reference as though fully stated herein all allegations contained within paragraphs 1-30.
48. The Plaintiff is in a protected class, he is a male.
49. He was subjected to an unwelcome harassment, to whit Manager Winston Johnson repeatedly and inappropriately sent the Plaintiff sexually explicit emails that showed genital nudity and or animal sexual behavior.
50. During the EEO investigation and hearing related to this complaint Winston Johnson admitted that using his government issued computer to send sexually explicit emails to the Plaintiff was inappropriate and likely a misuse of governmental equipment.
51. The harassment was unwelcome. The Plaintiff did not give Winston Johnson permission to send him sexually explicit emails while he was at work or at any other time.
52. The harassment was based upon the Plaintiff's gender. Winston Johnson admitted during an administrative hearing that he never sent sexually explicit emails to the female employees that he supervised. Rather, the only person that he sent the sexually explicit emails to was the Plaintiff and to another male employee.
53. The nature of the Defendant's actions were severe and pervasive enough to interfere with the Plaintiff's ability to perform his job duties.
54. There is a basis for holding the Plaintiff accountable for the harassment because the harasser, Winston Johnson was the Director/ Manager of the Defendant Regional Office of

Resolution Management. He was a very high level manager in charge of the Defendant's office that is charged with investigating internal claims of discrimination. As such he was quite aware of the gross inappropriateness of his repeated actions.

## COUNT IV REPRISAL NONSELECTION

55. The Plaintiff incorporates by reference as though fully stated herein the allegations contained in paragraphs 1-30.

56. The Plaintiff participated in protected activity, to whit he filed an EEO complaint in which he alleged that he was subjected to unlawful discrimination. He filed the EEO complaint prior to applying for the Administrative Assistant GS-8 position. The Plaintiff was imminently qualified to perform the position. He had several years of related experience and he had the requisite time in grade. The vacancy number for that position is ORM-DSP-12-VO726044.

57. The Defendant hired someone who had not previously participated in protected activity.

58. There is a causal nexus between the Plaintiff participating in protected activity and him not being selected for the GS-8 Administrative Assistant position. The Selecting Official(s) were aware of the Plaintiff's protected in protective activity.

## DAMAGES

The Plaintiff is seeking the following relief.:

A. Injunctive relief enjoining the Defendant from committing further acts of discrimination against the Plaintiff and other members of protected class.

B. Compensation for emotional pain and anguish related to the Defendant Acts of unlawful discrimination.

9

C. Appointment to Administrative Assistant Position the Defendant unlawfully denied to the Plaintiff.

D. Reasonable Attorney Fees and reimbursement of cost related to bringing this action.

E. All other relief that the law allows for and that this honorable court deems appropriate.

Submitted on this 11th July 2017.

/s/ *Jerry Girley*
Jerry Girley
Attorney at Law
The Girley Law Firm, P.A.
Florida Bar No. 35771
125 East Marks Street
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com